IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:11-CV-47 |
| FRANK CANARECCI, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Michael Williams's amended complaint [DE 45]. For the reasons set forth below, the Court screens the amended complaint and **GRANTS** him leave to add Custody Sergeant David Williams and Custody Officer Nestor Gomez as defendants, **DENIES** him leave to add Property Officer Yolanda Miller-Lewis as a defendant, and **GRANTS** him leave to proceed against Defendants Huffine and Williams on his claim that they used excessive and unnecessary force on him, **GRANTS** him leave to proceed against Defendant Gomez on his claim that he failed to intervene to prevent other officers from using excessive force, and **GRANTS** him leave to proceed against Defendant Lawson on his claim that she denied him medical attention.

BACKGROUND

Michael Williams is a federal prisoner currently confined at the Terre Haute United States Penitentiary. His complaint deals with events that occurred while he was confined at the St. Joseph County Jail as a pretrial detainee in October 2010. The Court screened the complaint pursuant to 28 U.S.C. § 1915A, granted the Plaintiff leave to proceed against Custody Captain N. Huffvine in his individual capacity for damages on the claim that he used excessive and unnecessary force on the Plaintiff, allowed him to proceed against Jail Warden Julie Lawson in her individual capacity for damages on the claim that she was deliberately indifferent to his serious medical needs, and dismissed all other claims and Defendants pursuant to Section 1915A.

In his original complaint, Williams also named a Jane Doe Property Officer and John Doe Custody Officers. The Court dismissed these defendants in its screening order with the proviso that "[i]f Williams is later able to identify these jail officials through discovery, he may seek to amend his complaint to add them as defendants" (DE 4 at 15). Williams states that he has now identified some of the Doe defendants, and seeks to add Jail Property Officer Yolanda Miller-Lewis, Custody Sergeant David Williams, and Custody Officer Nestor Gomez as defendants.

DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave to

2

amend the complaint should be "freely given when justice so requires." It is appropriate, however, to deny leave to amend where the proposed amendment would be futile. *Arazie v. Mullane*, 2 F.3d 1456, 1464 (7th Cir. 1993); *Moore v. Indiana*, 999 F. 2d 1125, 128 (7th Cir. 1993).

Pursuant to 28 U.S.C. § 1915A(a), district courts must review the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Section § 1915A requires the court to screen proposed amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F.Supp.2d 633 (N.D.Ind. 1998). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A court should assume the veracity of a complaint's allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 680 (2009).

In the context of *pro se* litigation, the Supreme Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). The Court further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

To state a valid cause of action under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Williams is currently proceeding against Captain Huffvine on an excessive use of force claim and against Warden Lawson on a claim that she was deliberately indifferent to his medical needs. In his amended complaint, Williams repleads his claims against Defendants Huffvine and Lawson, and asserts that Officer Miller-Lewis was responsible for calling the officers who used excessive force on him, that Sgt. Williams along with Captain Huffine used excessive force against him, and that Officer Gomez did not

intervene to stop Defendants Williams and Huffine from using excessive force. He alleges that the Defendants' actions violated the First, Eighth, and Fourteenth Amendments to the United States Constitution.

In addressing claims brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394, (1989). In his amended complaint, Williams alleges that the Defendants' conduct violated the Constitution's First Amendment. The First Amendment provides protection for free speech, free exercise of religion, and the right of the people peaceably to assemble and petition the government for redress of grievances. None of the Plaintiff's allegations implicate the First Amendment.

In his amended complaint, the Plaintiff also asserts that Defendants Miller-Lewis, Williams, and Gomez's actions violated the Eighth Amendment's prohibition against cruel and unusual punishments and the Fourteenth Amendment's due process clause. The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

Williams states in his amended complaint that he was at the St. Joseph County Jail as a pretrial detainee when the events he

5

complains of occurred (DE 46-1 at 3), so his claims arise under the Fourteenth Amendment's due process clause. But "[a]lthough the Eighth Amendment only applies to convicted prisoners, this court has previously stated that the same standard applies to pretrial detainees under the Fourteenth Amendment's due process clause." *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007), citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003) ("The Eighth Amendment does not apply to pretrial detainees, but as a pretrial detainee, [a prisoner] was entitled to at least the same protection against deliberate indifference to his basic needs as is available to convicted prisoners under the Eighth Amendment"). Accordingly, the Court will analyze the Plaintiff's claims under Eighth Amendment standards.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether an officer used excessive force, the court is to consider factors such as the need for the application of force, the

relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley v. Albers*, 475 U.S. at 321-22.

When it screened the original complaint, this Court concluded that, "[g]iving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, he has stated a plausible excessive use of force claim against Captain Huffvine under the standards set forth in *Hudson v. McMillian* and *Whitley v. Albers*" (DE 4 at 6). In his amended complaint, the Plaintiff alleges that Sgt. Williams participated along with Captain Huffine in using force against him. Accordingly, the Court will allow the Plaintiff to add Sgt. Williams as a defendant.

In his motion for leave to amend his complaint, the Plaintiff alleges that Officer Gomez "failed to stop" Defendants Huffvine and Williams from using excessive and unnecessary force on him. Police or custody officers who have a realistic opportunity to step forward and prevent another officer from using excessive or unnecessary force but do not intervene may be held liable in a § 1983 action. *Yand v. Hardin*, 37 F.3d 282 (7th Cir. 1996). Liability accrues if the bystanding officer had reason to know that excessive force was being used "<u>and</u> the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Id.* at 285 (emphasis in original). In order to state a claim against Officer Gomez, Officer Gomez would have to have had to have had a realistic opportunity to intervene to stop the other defendants from using excessive force against Williams.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a claim may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, he has stated a plausible failure to intervene claim against Defendant Gomez.

In his amended complaint, Williams asserts that he became involved in a verbal dispute with Officer Miller-Lewis, and that she called for backup saying that Williams had threatened her. According to the amended complaint, Defendants Huffine and Williams responded to Officer Miller-Lewis's call for assistance and used excessive force on him.

Williams does not allege that Officer Miller-Lewis ordered or participated in the excessive use of force against him or that she was in a position to intervene but failed to do so. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person who was not personally involved in the alleged wrongdoing

cannot be held liable for damages under § 1983. The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). The facts alleged in the Plaintiff's amended complaint do not plausibly give rise to an entitlement to relief on a claim that Officer Miller-Lewis was personally involved in the excessive use of force by other Defendants.

In his amended complaint, Williams seeks damages against the Defendants in their individual and official capacities. "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988) (An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity").

A person may assert an official capacity claim against the municipality under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). But municipalities cannot be held liable for damages under § 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Id.* at 694. For liability to attach against a municipality under § 1983, a

plaintiff must show that "*deliberate* action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997) (emphasis in original). "Municipal liability under § 1983 attaches where — and only where — a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

> A "custom" or "policy" can take one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority.

*Brokaw v. Mercer County*, 235 F.3d 1000, 1113 (7th Cir. 2000). "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000), citing *Calusinski v. Kruger,* 24 F.3d 931, 936 (7th Cir.1994).

In his original complaint, the Plaintiff sought to proceed against St. Joseph County Sheriff Frank Canarecci in his official capacity, but this Court dismissed that claim in its screening order (DE 4). Nothing in the amended complaint suggests that the Defendants' actions resulted from a policy or practice established or sanctioned by the St. Joseph County Sheriff. Accordingly,

10

Williams has not stated an official capacity damage claim against the Defendants based on policy or practice.

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to amend his complaint to add Custody Sergeant David Williams and Custody Officer Nestor Gomez as defendants;

(2) **DENIES** him leave to add Property Officer Yolanda Miller-Lewis as a defendant;

(3) **GRANTS** the Plaintiff leave to proceed against Defendants Neil Huffine and David Williams in their individual capacities for damages on his Fourteenth Amendment claim that they used excessive and unnecessary force on the Plaintiff;

(4) **GRANTS** the Plaintiff leave to proceed against Nestor Gomez in his individual capacity for damages on his Fourteenth Amendment claim that Defendant Gomez failed to intervene to prevent other officers from using excessive force on the Plaintiff; and

(5) **GRANTS** the Plaintiff leave to proceed against Defendant Julie Lawson on his Fourteenth Amendment claim that she denied him medical attention;

(6) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, all other claims, and **DISMISSES** Defendant Yolanda Miller-Lewis;

(7) **DIRECTS** the Marshals Service to effect service of process

of the amended complaint (DE 45) on Defendants Williams and Gomez on the Plaintiff's behalf; and

    (8) **LIFTS** the Stay on discovery (DE 38).

DATED: January 17, 2013        /S/RUDY LOZANO, Judge
                                        United States District Court