IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:11-CV-047 |
| | ) |
| FRANK CANARECCI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the Court on the summary judgment motion filed by the Defendants on December 13, 2013. For the reasons set forth below, the Defendant's motion for summary judgment (DE 56) is **GRANTED** and this case is **DISMISSED**. The clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendants and against the Plaintiff Michael Williams.

BACKGROUND

Michael Williams, a *pro se* prisoner, filed an amended complaint and was granted leave to proceed against Neil Huffine and David Williams on his claim that they used excessive force against him in October 2010 while he was housed at the St. Joseph County Jail as a pre-trial detainee. He was also granted leave to proceed against Nestor Gomez for not intervening to stop those officers from using excessive force and against Julie Lawson for denying him medical treatment for injuries that he sustained as a result.

On December 13, 2013, the Defendants filed a summary judgment motion along with the Appendix C notice as required by N.D. Ind. L.R. 56-1(f). That notice informed Williams about the summary judgment process and provided him with a copy of Fed. R. Civ. P. 56 as well as N.D. Ind. L.R. 56-1. It alerted him that if he did not follow those rules that he could lose this case. It concluded by telling him:

> Before the court rules on the motion, you have the right to file a response. If you do not respond to the summary-judgment motion, you may lose this case. If you need more time to respond, you must file a motion asking for more time before the deadline expires. The court may – but is not required to – give you more time.

N.D. Ind. L.R. Appendix C.

The deadline for responding to the summary judgment motion was January 10, 2014. That deadline has passed, but Williams has neither responded nor sought additional time to do so. Therefore the Court will now rule on the motion. Because Williams has not responded, he has not disputed any of the facts presented by the Defendants. Therefore the Court will accept the facts presented by the Defendants as undisputed. Fed. R. Civ. P. 56(e)(2).

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact

cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). In ruling on a motion for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. The court will not "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

The Defendants assert that excessive force was not used against Williams. They assert that he did not suffer any injury and that he did not need medical treatment. In support of their assertions, they refer the Court to the report written by Deputy Yolanda Miller/Lewis.

> ON OCTOBER 25, 2010 AT APPROX. 08:55 I DEPUTY MILLER/LEWIS, YOLANDA #1073, CALLED INMATE WILLIAMS, MICHAEL J. CONTROL#295833 INTO THE PROPERTY ROOM TO BE DRESSED OUT FOR RELEASE TO THE MARSHALS. I PUT ALL OF HIS PROPERTY ON THE COUNTER, TELLING HIM HE COULD HAVE EVERYTHING EXCEPT HIS BELT, HAT AND ITEMS IN THE PLASTIC BAG,AT THAT TIME HE TOOK THE BELT AND HAT AND REFUSED TO GIVE IT TO ME. HE WANTED TO KNOW WHY HE COULD NOT HAVE IT. I TOLD HIM HE HAD TO PUT IT IN A PLASTIC BAG BECAUSE YOU CANNOT HAVE A BELT IN THIS JAIL. HE REFUSED TO GIVE ME THE BELT AFTER SEVERAL ATTEMPTS I CALLED OVER THE RADIO FOR DEPUTY LAWSON-RULLI,CHRIS #1417 LETTING HIM NO WILLIAMS WOULD NOT GIVE ME HIS BELT, HE SAID HE COULD NOT HELP BECAUSE HE WAS WORKING ALONE. SGT. WILLIAMS, DAVID #974 CALLED OVER THE RADIO ASKING WHAT THE PROBLEM WAS I TOLD HIM I HAD A GUY IN THE PROPERTY ROOM THAT WOULD NOT GIVE ME HIS BELT. SGT.WILLIAMS, DEPUTY GOMEZ,NESTOR #1291 AND CPT. HUFFINE,NEIL #910 CAME TO THE PROPERTY ROOM AND TRIED TO GET THE BELT FROM WILLIAMS, BUT HE CONTINUED TO REFUSE THE BELT WAS CONFISCATED WITHOUT INCIDENT. INMATE WILLIAMS CONTINUED BEING AGGRESSIVE AND MOUTHY. WHEN TOLD TO GO BEHIND THE CURTAINS HE SAID WHAT DOES IT MATTER AND GOT UNDRESSED IN FRONT OF DEPUTY MILLER/LEWIS. AFTER HE GOT DRESSED HE WAS TOLD TO GO TO THE BOOKING DESK, HE DID WITHOUT INCIDENT.

DE 20 at 43.

They also refer to the interrogatory response of Captain Neil Huffine.

> I did not assault the plaintiff, and no one else assaulted the Plaintiff. After hearing a request for assistance over the radio indicating that the Plaintiff had taken his belt and refused after several requests to give it back to Deputy Miller-Lewis, I arrived to the property room, and Deputy Nestor Gomez and Sgt. David Williams arrived. Sgt. Williams reached from behind me to hold Plaintiff's shirt collar, at which point the Plaintiff handed over his belt. This was the only physical contact made upon the Plaintiff in my presence, and the only such contact of which I am aware. Plaintiff continued to be verbally abusive, but the belt was confiscated without incident. We left the Plaintiff in the property room with Deputy Miller-Lewis. There was no further incident, and no injury that occurred to the Plaintiff while I was there.

DE 21 at 7.

Finally, they refer to the interrogatory response of Warden Julie Lawson.

> I have never been told by the Plaintiff, or anyone else before this lawsuit was filed, that there was ever an incident involving the Plaintiff in the property room on October 25, 2010. The filing of the lawsuit was the first I ever heard of the incident. I was not present at any time during this incident in the property room.

DE 21 at 2.

As previously explained, Williams does not dispute any of these facts and the Court accepts them as undisputed. Taken together, they demonstrate that no excessive force was used against Williams and that he did not require any medical treatment. Therefore the summary judgment motion will be granted.

CONCLUSION

For the reasons set forth above, the Defendant's motion for summary judgment (DE 56) is **GRANTED** and this case is **DISMISSED**. The clerk is **DIRECTED** to enter **FINAL JUDGMENT** in favor of Defendants and against the Plaintiff Michael Williams.

**DATED: February 6, 2014**   /s/RUDY LOZANO, Judge
                              **United State District Court**